PER CURIAM.
This appeal by plaintiff, James A. Mor-eau, is from that part of a judgment of the district court which maintained an exception to the court’s jurisdiction as to those demands in his petition for nullity of judgment which prayed that: (1) he be declared the duly elected nominee of the Democratic party in the October 2, 1976 primary election; and (2) the general election of November 2, 1976 be declared null and void and a new general election be ordered.
Mr. Moreau unsuccessfully had attempted to raise these issues by an earlier appeal taken, prior to a judgment on the merits, from a judgment maintaining the jurisdictional exception. However, considering that appeal to be one taken from a nonap-pealable ruling sustaining an exception and treating the appeal as an application for writs, on April 12, 1977 the Supreme Court denied the application with the statement that relator had an adequate remedy by appeal from a judgment on the merits of the nullity action.
Following a judgment on the merits of the nullity action, Mr. Moreau perfected this appeal.
Mr. Tonry subsequently resigned from office. When the calling of a special election *356 was imminent, this court, pursuant to La. Const. 1974, Art. 5, § 11, certified the following questions of law to the Supreme Court of Louisiana:
(1) In this action to annul a judgment dismissing an election contest suit, do the courts have the power and authority to declare Mr. Moreau the duly elected nominee of the Democratic party for the office of member of the United States House of Representatives from the First Congressional District of the State of Louisiana?
(2) In this action to annul a judgment dismissing an election contest suit, do the courts have the power and authority to declare null and void the general election for that office held on November 2, 1976 and to order a new general election?
On May 17, 1977 the Supreme Court rendered the following answers:
(1) No. The judgment in the nullity action only has the effect at most of setting aside the judgment in the election contest suit.
(2) No. There is no authority for a candidate who contests the results of a primary election to have a general election set aside after the name of the candidate elected to Congress in a general election has been certified as provided by law.
Pretermitting action on other motions (including motions by defendant to dismiss this appeal), and on authority of the Supreme Court’s response to our certificate of the fundamental questions, we affirm the judgment of the trial court only insofar as the judgment denies Mr. Moreau’s demands that (1) he be declared the duly elected nominee of the Democratic party in the October 2,1976 primary election and (2) the general election of November 2, 1976 be declared null and void and a new general election be ordered.
AFFIRMED.